# Edgewood Highland Land Company v. McFerren.

## Assumpsit.

(Decided April 10, 1913.    Rehearing denied May 8, 1913.
63 South. 157.)

*Infants; Contracts; Avoidance; Recovery of Payment.*—While on coming of age, or having his disabilities removed, an infant may avoid by disaffirmance the remainder of a lease which he has taken, he may not recover the rents paid by him while he was in possession.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by H. H. McFerren against the Edgewood Highlands Land Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The complaint was on the common count for money had and received, and a special count setting up the fact that, at the time the contract or agreement was entered into and at the time the payments were made, plaintiff was a minor, but that, since having his disabilities of non-age removed, he had become dissatisfied with the trade, and had rescinded same, and demanded of defendant a return of the money which had been refused. The contract was for the sale of two lots for a cash consideration paid at the time and monthly payments to be made thereafter for 67½ months by plaintiff to defendant. The contract further provided that, if monthly payments were not made within 60 days after same became due, or if any other agreement on the part of McFerren contained in the contract is not performed, then this lease shall terminate at once, and all the rights of McFerren shall cease, and the land company shall

become entitled to possession of the land without any accountability to McFerren for any sum paid by him; it being expressly agreed that any sums paid hereunder are for the rent of said land, and for no other purpose. It contained the further provision that the lease could not be assigned or transferred without the consent in writing of the land company, and that the waiver on the part of the land company of its right to forfeit the lease for any default should not be a waiver of its right to forfeit the same for any subsequent default. The lease contains other stipulations not necessary to be here set out, and winds up with the stipulation that if McFerren should make all the payments herein provided for during the full term of the lease at the time they fall due, the land company will, without further payment or consideration, execute to the party of the second part (McFerren) a warranty deed to said lots, reserving mineral rights, said deed also to contain all covenants set out in this contract, and also that McFerren might pay off the remaining payments due, if at that time there were no delinquent payments.

A. G. & E. D. SMITH, for appellant. The contract was a lease and not a sale.—*Hurd v. Hurd & Lee*, 41 South. 827. So the payments were the payments of rent, and an infant is liable for rent during occupancy before repudiation.—22 Cyc. 530, notes 75-6; 16 A. & E. Enc. of Law, 290; 2 Kent's Comm. 240; 1 Taylor Landlord & Tenant, sec. 96; 47 L. R. A. 303.

ETHERIDGE & LAMAR, for appellee. The contract was a contract of sale and not of lease.—50 S. E. 402; 19 L. R. A. 683; 77 N. W. 683. Therefore, the status of landlord and tenant was not created.—88 N. T. 700; 11 S. E. 893; 9 L. R. A. 373 and note; 134 Pa. 566; 79

Maine 317; 116 Wis. 602; 96 Am. St. Rep. 1011; 93 U. S. 64. It is a cardinal rule of construction to consider the whole instrument that the court may fully understand the intention of the parties thereto.—*Ashby v. Cathcart*, 159 Ala. 474; *Phelan v. Tolmin*, 164 Ala. 383. Under the facts in this case then, the infant was entitled to repudiate the contract, and to recover the money paid under it, on arriving at majority, or upon the removal of his disabilities.—*Manning v. Johnson*, 26 Ala. 446; *A. F. L. M. Co. v. Dykes*, 18 South. 292; *Flexner v. Dickerson*, 72 Ala. 318; *Eureka Co. v. Edwards*, 71 Ala. 248; *McCarty v. Woodstock I. Co.*, 92 Ala. 463; 22 Cyc. 613, et seq., and authorities there cited.

PELHAM, J.—The instrument executed by appellee, under the terms of which he made certain payments to appellants, being a lease (*Heard v. Heard & Lee, et al.*, 41 South. 827), the real question presented by this appeal is whether the appellee, a minor at the time of entering into the lease agreement and making payments under its provisions, upon disaffirming the contract can recover the amount of rent paid by him to the appellant during the continuance of the contract, while he (the minor) was in possession of the property.

There is quite a distinction recognized by all of the best considered authorities on the subject, between the liability and responsibility of an infant for his obligations when being sued upon arriving at majority, for the purpose of enforcing contracts made by him, and the right of the infant to recover from him to whom he has paid something for which he has received a valuable consideration. As an illustration, it may be said that, if the infant purchases expensive clothes or other articles not necessary, the tradesman selling these things

[Edgewood Highland Land Company v. McFerren.]

could not enforce payment in a suit against the infant for the purchase price; yet if the infant had paid for the merchandise, and has the use and benefit derived from their possession, he would not be permitted to re- tain the tradesman's wares and recover from him the price paid.—*Cope v. Overton,* 10 Bing. 252; Parsons on Contracts, 332.

And so, recognizing the distinction above referred to, it was held in the early leading English case of *Holmes v. Blogg,* 8 Taunt. 508 (s. c., 2 Moore 552), that, where an infant when he came of age avoided a lease contract by disaffirmance, he could not recover the payment made by him under the terms of the lease during infancy as rent, when it was shown that he was in possession of and occupied the property during part of the period covered by the lease agreement for which the payment was made.

It is not to be questioned that an infant can disaffirm a lease contract as to that part which is unperformed, and that no recovery can be had on that part of the contract remaining executory; but the recovery is sought by the plaintiff in this case, as is shown by the pleading and proof, for money paid the defendant during infancy and before disaffirmance for rent of the property during the period that the property was in possession of the plaintiff. The payments having been made for the rent of the property while in possession of the plaintiff, the contract or lease, as to that part, became executed. Each installment of rent paid during the period the property was retained in the possession of the plaintiff was in effect an execution of the lease agreement pro tanto, and while, as a general rule, an infant may avoid his con- tracts of every kind, whether beneficial or not, and whether executed or executory, we do not think that upon attaining the age of majority an infant can dis-

[Edgewood Highland Land Company v. McFerren.]

affirm his lease, and be allowed to recover rents paid by him for the period during which he was in possession of the property before repudiation.—See 16 A. & E. Enc. of Law (2 Ed.) p. 290; 22 Cyc. p. 530, notes 75 and 76; 1 Taylor on Landlord and Tenant (9th Ed.) § 96; 2 Kent's Commentaries, p. 240; *Aldrich v. Abrahams*, Lalor's Supp. (N. Y.) 423; *Johnson v. N. W. Mut. Life Ins. Co.*, 56 Minn. 365, 59 N. W. 992, 26 L. R. A. 187, 45 Am. St. Rep. 473.

The rulings of the trial court on the pleadings and in the finding made and judgment rendered are pointedly in conflict with our holding as above expressed, and a reversal of the case must necessarily follow.

Reversed and remanded.

NOTE.—The judgment of the Court of Appeals in this case was, by the Supreme Court, reversed and rendered in the case of *Ex parte H. H. McFerren*, 63 South. 159.